```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

M. ROBERT ENTERPRISES, INC.,              CIVIL ACTION
ET AL.

VERSUS                                    NO: 07-40

UNITED FIRE & CASUALTY CO.,               SECTION: "J" (3)
ET AL.
```

### ORDER AND REASONS

Before the Court is plaintiffs' Motion to Remand. (Doc. 3.) The motion is opposed. For the following motion, the Court finds that the motion should be GRANTED.

### BACKGROUND

Plaintiffs, M. Robert Enterprises, Inc. and Robert Resources, LLC, suffered losses in Hurricane Katrina. On August 24th, 2006, Plaintiffs sued Defendants, various insurance companies and adjusters, to recover for those losses. On October 5th, 2006, Defendants filed a notice of removal alleging that all non-diverse defendants were fraudulently joined. In particular, Defendants argued that Lafayette Insurance Company did not issue an insurance policy to Plaintiff and was thus not a proper party to this action. Plaintiff filed a motion to remand, arguing that

the non-diverse defendants were properly joined, and diversity jurisdiction was lacking.  To support their argument of improper joinder, Defendants attached the Declarations Page of Plaintiffs' insurance policy to their opposition to the motion to remand.  The Declarations Page identifies United Fire & Casualty Company and not Lafayette Insurance as Plaintiffs' insurance provider.  Judge Berrigan remanded the case based on a finding that Defendants had failed to rebut Plaintiffs' contention that it had insurance provided by Lafayette Insurance.  Because Lafayette Insurance was non-diverse, Judge Berrigan found that federal jurisdiction was not sufficiently supported. On November 14th, 2006 the case was remanded back to state court.

On December 4th, 2006, Plaintiffs deposed an adjuster employed by defendant Property Loss Consulting, Inc.  The adjuster, Sidney Morrison, testified that Lafayette Insurance did not insure Plaintiffs.  On January 3rd, 2007, Defendants filed another notice of removal, again arguing that Lafayette Insurance was improperly joined, this time basing their argument on the new information contained in this deposition.  Plaintiffs again seek remand.

## DISCUSSION

Defendants generally have thirty days from the filing of the state petition to remove a case to federal court.  28 U.S.C. §

1446(b).  If the case in the initial pleading is not removable, section 1446(b) allows removal within thirty days of a defendant's receipt of a pleading or other paper *from which it may first be ascertained* by that defendant that the case has become removable.  *Id.*  (emphasis added.)

Defendants argue that Mr. Morrison's deposition is "other paper" under 1446(b), making the second removal thirty days after the deposition timely.  Plaintiffs claim that removal is untimely because the deposition is not the source from which Defendants first ascertained that Lafayette Insurance did not insure Plaintiffs.  Plaintiffs also make arguments based on *res judicata*, the 28 U.S.C. § 1447(d) prohibition on review of remand orders, and the existence of valid causes of action against non-diverse defendants under Louisiana law.

Both parties cite to *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 492-94 (5th Cir. 1996) to support their opposing arguments on the propriety of considering Mr. Morrison's deposition as "other paper".  In *Infax*, a subcontractor sued a contractor in state court for payment due on work performed.  The complaint did not specify the amount in controversy.  In a telephone conversation, defendant's counsel learned from plaintiff's counsel that the amount was above the statutory minimum for federal diversity jurisdiction.  Defendant's counsel prepared an

3

affidavit to that effect and filed a notice of removal. However, the case was remanded for an unrelated procedural defect. Subsequently, defendant deposed plaintiff's president, who testified that the amount in controversy was above the statutory minimum. Defendant attempted a second removal, using that deposition as 1446(b) other paper. Plaintiff moved to remand based in part on untimeliness. The district court denied the motion to remand. The Fifth Circuit affirmed, finding that subjective knowledge of the defendant cannot constitute 1446(b) other paper because it is not a source from which a defendant will first ascertain the removability of a case. *Id.*

*Infax* indicates that subjective knowledge of the defendant does not trigger the thirty day period for removal where that knowledge is the only support for removability. However, in this case, the insurance policy declaration sheet, or the policy itself for that matter, is not "subjective knowledge" of the defendant that would be insufficient to trigger the 30 day period under *Infax*. It is objective evidence of dispositive import.

Clearly, Mr. Morrison's deposition was not the first paper that allowed Defendants to ascertain that Lafayette Insurance did not issue the insurance policy sued upon. Defendants had the declaration sheet that names United Fire as the insurer for the exact policy sued upon and attached it to their opposition to the

4

first motion to remand.  Judge Berrigan apparently declined to consider the declaration sheet in ruling on the issue of improper joinder and remanding the case.[1]  That decision to remand is not reviewable. *See* 28 U.S.C. § 1447(d).  Neither does it change the fact that Defendants already possessed sufficient evidence that the case was removable.

## CONCLUSION

Mr. Morrison's deposition did not trigger a new thirty day period to remove because it was not a paper by which Defendants first ascertained that the case was removable.  Defendants' second removal is untimely.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 3) is **GRANTED**; the above-captioned case is hereby remanded to the State court from which it was removed.

New Orleans, Louisiana this the 21st day of March, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] Judge Berrigan found that "United Fire has not presented any evidence which contests Plaintiffs' assertions, other than its own assertions to the contrary." (2:06-cv-7405, Order Granting Remand at 5 (E.D. La. 11/14/2006)